UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM BERRY DEAN, III, | ) | |
| | ) | BANKRUPTCY CASE NO. |
| Appellant/Defendant, | ) | |
| | ) | 19-31232-SGJ-7 |
| VS. | ) | |
| | ) | |
| RETICULUM MANAGEMENT, LLC, | ) | CIVIL ACTION NO. |
| | ) | |
| Appellee/Plaintiff. | ) | 3:20-cv-2531-G |
| | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant/debtor William Berry Dean, III ("Dean") to allow an interlocutory appeal, under 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8001, 8002, and 8004, of the August 4, 2020 order of the bankruptcy court denying Dean's motion for partial summary judgment and granting Reticulum Management, LLC ("Reticulum")'s motion for partial summary judgment. *See* Notice of Appeal, Exhibit A ("Memorandum Opinion") (docket entry 1-8). For the reasons set forth herein, the motion for leave is denied.

### I. BACKGROUND

This dispute arises from the debtor Dean's filing of a petition for relief under Chapter 7 of the United States Bankruptcy Code. Dean filed the petition for relief

after the creditor, Reticulum, had been issued an interim award in an arbitration proceeding against Dean[*] where he was found jointly and severally liable for $500,000 in damages plus attorney's fees and costs.  *See* Appellee's Response to Appellant's Motion for Leave to Appeal Interlocutory Summary Judgment Order to District Court ("Response") (docket entry 2) at 2.  The arbitration panel found that Dean had negligently made misrepresentations to Reticulum, but it denied Reticulum's claims of fraud, fraud by omission, and fraudulent inducement.  *See* Defendant's Motion for Leave to Appeal Interlocutory Summary Judgment Order to District Court ("Motion") (docket entry 1-2) at 2.

In December 2019, Reticulum filed an adversary proceeding in the Bankruptcy Court seeking to prevent Dean from discharging his debt under 11 U.S.C. §§ 523 and 727.  *See* Response at 3.  Dean's attempt to dismiss the Section 727 action was denied by the Bankruptcy Court on August 3, 2020.  *Id*. at 4.  Both parties then sought partial summary judgment as to whether the arbitration panel's ruling regarding the fraud-based claims estopped Reticulum from pursuing a Section 523 action in the Bankruptcy Court.  *See* Motion at 3.  The Bankruptcy Court denied Dean's motion but granted Reticulum's motion.  *See* id.; Response at 4.  Dean now seeks leave from this court to file an interlocutory appeal of the Bankruptcy Court's summary judgment order, asking this court to reverse that decision and find that

---

[*]  And Dean's business associate Mr. Jacob Watters.

Reticulum is estopped from pursing its Section 523 action. *See* Motion at 5.

## II. ANALYSIS

### A. Jurisdiction

Title 28 U.S.C. § 158(a) governs the jurisdiction of this court to hear appeals from a bankruptcy court's order. It provides that a district court has jurisdiction "to hear appeals ... from final judgments, orders, and decrees . . . and, with leave of the court, from other interlocutory orders and decrees[,] of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under Section 157 of this title." 28 U.S.C. § 158(a).

### B. Motion for Leave to Appeal

The decision of whether to grant leave for an interlocutory appeal is within the discretion of the district court. See *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001). Bankruptcy interlocutory appeals are generally disfavored because they disrupt the bankruptcy proceedings. See *Matter of Cross*, 666 F.2d 873, 878 (5th Cir. 1982); *In re Hunt International Resources Corporation*, 57 B.R. 371, 372 (N.D. Tex. 1985) (Sanders, J.).

Though the Fifth Circuit has not held that 28 U.S.C. § 158(a) is coextensive with 28 U.S.C. § 1292(b), the Fifth Circuit has applied the § 1292(b) standard to determine whether a district court should grant interlocutory review from a bankruptcy court order. See *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir.1991).

Applying § 1292(b), the Fifth Circuit held that leave to proceed on an interlocutory appeal should be granted if: (1) the bankruptcy court's order on which the appeal is sought involves a controlling issue of law; (2) the question is one where a substantial ground for difference of opinion exists; and (3) an immediate appeal will materially advance the ultimate termination of the litigation. *Id*.

This motion can be disposed of by looking to the third factor alone. See *DuPree v. Kaye*, No. 3:07-CV-0768-B ECF, 2008 WL 294532, at*3 (N.D. Tex. Feb. 4, 2008) (Boyle, J.). Even if the court were to grant the motion and agree with Dean on the estoppel issue, there would still be a trial on the Section 727 action in the Bankruptcy Court. Dean made only conclusory arguments without record evidence that judicial economy and litigant expense would be saved. Further, Dean did not dispute that substantial discovery has already occurred, so any savings there appear minimal at this point. At bottom, it appears that regardless of what this court decides, a trial will occur based largely on evidence already collected through the discovery process. "Thus, from a judicial economy perspective, granting the motion for leave will provide little, if any, benefit. Rather, it will keep the bankruptcy proceedings in limbo for an indeterminate period of time." *In re Avado Brands, Inc.*, No. 3:07-CV-0769-G, 2007 WL 2241660, at *3 (N.D. Tex. Aug. 3, 2007) (Fish, Chief J.). This is a far cry from "materially advancing" the end of litigation. Accordingly, the court concludes that this third element is not met, and thus fatal to

Dean's motion for leave.  See *Panda Energy International, Inc. v. Factory Mutual Insurance*, No. 3:11-CV-003-K, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011) (Kinkeade, J.).

### III.  CONCLUSION

For the reasons stated above, the appellants' motion for leave to file an interlocutory appeal is **DENIED**.

**SO ORDERED.**

November 30, 2020.

_____
**A. JOE FISH**
**Senior United States District Judge**